## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

—————————————————————

Ramon Cantu,

       Plaintiff,

v.

M. Muraski, Dave Porra, B. Cady
and Connie Roehrich, in their
individual and official capacities

       Defendant.

—————————————————————

Civil No.: 05-2629 (RHK/JJG)


**REPORT AND
RECOMMENDATION**


JEANNE J. GRAHAM, United States Magistrate Judge

    The above-entitled matter is before the undersigned Magistrate Judge of the District Court on Plaintiff's two Motions for Default Judgment (Doc. Nos. 9 and 13). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

### I.  Introduction

    Plaintiff filed this civil rights action on November 15, 2005. The Complaint identifies four defendants: "M. Muraski, Dave Porra, B. Cady and Connie M. Roehrich." After a denial of an application for leave to proceed *in forma pauperis*, Plaintiff tendered the required filing fee. On January 9, 2006, a summons as to each named defendant was mailed by the Clerk of Court to Plaintiff to allow him to effectuate service. On February 14, 2006, and again on March 30, 2006, Plaintiff filed separate Motions for Default Judgement against the defendants claiming each defendant had failed to answer the Complaint or otherwise file a defense to it.

In an Order dated May 31, 2006, the undersigned identified several defects in Plaintiff's attempted service of the defendants and required Plaintiff to properly effectuate service of the named defendants pursuant to the Federal Rules of Civil Procedure on or before June 19, 2006. Plaintiff has subsequently submitted Certificates of Service regarding defendant's Cady and Porra, and has indicated his belief that prior service upon defendant Roehrich was effective. Plaintiff also indicates he has been unable to locate and serve defendant Muraski.

## II. Discussion

Rule 55(b) of the Federal Rules of Civil Procedure provide for the entry of default judgment by the Court. However, a judgment of default may be entered by the Court only if a defendant has been made party to the action by service of process. *Dedco, Inc., v. American Bonding Co.,* 7 F.3d 1387, 1388 (8th Cir.1993). If a defendant is improperly served, the court lacks jurisdiction over the defendant. *Id.*

Plaintiff has named four defendants and sued each of them in their official and individual capacities. Pursuant to Federal Rule of Civil Procedure 4(c)(1)

> A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Federal Rule of Civil Procedure Rule 4(e) provides that service upon an individual from whom a waiver has not been obtained and filed may be effected in any judicial district of the United States pursuant to the law of the state in which the district is located, or by personal service. *See* Fed.R.Civ.P. 4(e). Under Minnesota rules, a plaintiff may commence an action through personal service of the summons on the defendant, or by mailing a copy of the summons to the defendant. Minn. R. Civ. P. 4.03(a); Minn. R. Civ. P. 4.05. A copy of the complaint shall be served with summons, except when the service is by publication.

2

Minn. R. Civ. P. 3.02.  If a plaintiff serves the summons by mail, he must  serve it "by first class mail," and include a "notice of acknowledgment ... and a return envelope, postage prepaid, addressed to the sender." Minn. R. Civ. P. 4.05.  If the plaintiff does not receive acknowledgment of service within the time defendant is required to serve an answer, service is ineffectual. *Id.*

A review of the record in this case indicates that Plaintiff has failed to comply with the requirements for service of process under Federal and Minnesota law.  While it is undisputed that Plaintiff has arranged for the personal delivery of a summons on defendants Cady and Porra, and has mailed a summons to defendant Roehrich, Plaintiff has failed to provide sufficient evidence that each summons was accompanied by a copy of the Complaint (Doc. No. 1-1) in this action.  To the contrary, Minnesota Assistant Attorney General Richard Varco has notified this Court and  the Plaintiff that none of the summons that have been served to the defendants has been accompanied by a copy of the Complaint in this case.  (Letter to Clerk's Office at Doc. No. 19).

Assistant Attorney General Varco states defendants Caddy and Porras[1] were personally served with documents by the Rice County Sheriff's office, but that the documents included two summons – one from the United States District Court and the other signed by the Plaintiff,  as well as a document entitled "Plaintiff's Brief" that is not the document designated as the Complaint in this matter.  Mr. Varco further indicates Plaintiff's alleged service upon defendant Roehrich did not include a summons and Complaint in the instant matter, but instead was the service of documents in a Rice County District Court case that has

---

[1] While the Complaint identifies these defendants as "Dave Porra" and "B. Cady," the Assistant Attorney General identifies them as "B. Caddy" and "David Porras" respectively.

previously been dismissed with prejudice.[2]  Finally, Assistant Attorney General Varco indicates defendant Muraski has not been served with any pleadings in this matter.

The Court finds the Plaintiff has failed to meet his responsibility under Rule 4(c) and (e) that requires service upon a defendant of a <u>summons and complaint</u>.  Because Plaintiff has not met the requirements for service upon an individual set forth in Federal Rule 4(c) and (e), there is no basis for Plaintiff's requested entry of default, and this Court lacks jurisdiction over the individual defendants to order any such judgment.

Finally, Federal Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time."  More than one hundred-twenty days have passed since the filing of Plaintiff's Complaint on November 14, 2005, and also since the issuance of a summons for each defendant by the Clerk of Court in January 2006.  In its Order dated May 31, 2006, this Court notified Mr. Cantu that he was required to properly effectuate service upon the named defendants on or before June 19, 2006, or the Court would dismiss without prejudice those defendants not properly served.  As of the date of this Report and Recommendation, Plaintiff has failed to effectuate service on any of the defendants.  In light of the continued failure  by Plaintiff to properly effectuate service upon any of the defendants, the Court shall recommend the dismissal of this case without prejudice.

## III.    Conclusion

For the reason stated herein and based upon the motions, the file and the entire record herein, **IT**

---

[2] This case was styled *Cantu v. DOC Fairbault Facility, Connie Roehrick,* [sic] *Warden*, Rice County (MN) District Court, File No. C6-05-1420.

**IS HEREBY RECOMMENDED** that:

(1)      Plaintiff's two Motion for Default Judgment (Doc. Nos. 9 and 13) be **DENIED**.

(2)      Pursuant to Federal Rule of Civil Procedure 4(m), this case be **DISMISSED WITHOUT PREJUDICE**.

Dated:  July 17, 2006                    s/Jeanne J. Graham

_____

Jeanne J. Graham
United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by August 3, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.